# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EZRA ILANI and CATHY ILANI,<br><br>Plaintiffs,<br><br>v.<br><br>SIMON S. ABRAHAM, et al.,<br><br>Defendants. | Case No. 2:17-cv-00692-APG-PAL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT; AND (2) DENYING AS MOOT PLAINTIFFS' MOTION FOR PUNITIVE DAMAGES**<br><br>(ECF Nos. 34, 41) |

This dispute arises out of a loan agreement between friends gone awry. The plaintiffs, Ezra and Cathy Ilani, entered into a contract with defendants Simon S. Abraham and KDA Holdings LLC. Under that contract, the Ilanis lent $2 million in exchange for a $500,000 loan fee, repayment within 60 days, and collateral in the form of supposedly valuable gems. The Ilanis took possession of the gems when the loan fee and repayment were not paid. Although the gems had been appraised at a high value, a second appraisal valued them at less than one-tenth of their originally appraised value.

The Ilanis sued the defendants, among others, and eventually sought and obtained a default. Six days later, defendants Abraham and KDA filed an answer, counterclaim, and third-party complaint. However, I struck that pleading upon motion from the Ilanis because default had already been entered and the lawyer who filed the pleading was under an administrative suspension by the State Bar of Nevada. ECF No. 29. The Ilanis then obtained default judgment on some of their claims against defendants Abraham and KDA with no opposition. ECF No. 33.

Abraham and KDA now move for reconsideration or vacatur of that default judgment. They argue their pleading should not have been stricken, and that their counsel's hacked email account hindered their ability to properly respond and litigate the case before default judgment

was entered. They also contend that they have meritorious defenses against the claims for which default judgment was granted, and that allowing the judgment to stand would be manifestly unjust. The Ilanis respond that the defendants' neglect in litigating the case is not excusable. They also argue that the defendants have not produced any new evidence nor shown clear error or change in the law that merits reconsideration of the order granting judgment.

The parties are familiar with the facts of the case, and I will not repeat them here except where necessary. While Abraham and KDA have not shown that their answer was improperly stricken, the defendants themselves were not culpable in the failure to properly file the answer. In light of the strong policy preference for deciding cases on their merits, I will vacate the default and default judgment, conditioned upon Abraham and KDA reimbursing the Ilanis for their fees and costs caused by the defendants' actions related to the pleadings. I also deny the Ilanis' motion for punitive damages as moot at this time.

**I.**     **ANALYSIS**

The defendants move for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). They argue first that their answer should not have been stricken because their attorney (Andras Babero) was not suspended from practice at the time he filed that pleading. They also argue that their lack of response is excusable because Mr. Babero did not receive notice of the Ilanis' motions to strike and for default judgment because his email account was hacked. The allegations in the counterclaim, the defendants argue, show that the order granting partial default judgment was manifestly unjust because all of the *Eitel* factors favor the defendants. *See Eitel v. McCool*, 782 F.3d 1470, 1471–72 (9th Cir. 1986).

The Ilanis respond that there is no legitimate basis for reconsideration. They argue there has been no intervening change in controlling law, nor an allegation of clear error, particularly because the defendants failed to oppose the motions for entry of default and to strike, nor do they request reconsideration of the order granting it. The Ilanis contend the defendants have not proffered new evidence, only attorney argument. They express skepticism as to Mr. Babero's excuse for not opposing any of the motions, noting that his email issues must have begun the day

after filing the answer and continued through mid-July. In addition, the Ilanis argue the defendants have not shown Mr. Babero was not suspended when he filed the pleading.

### 1. Order Striking Answer and Counterclaim

The defendants first argue that Mr. Babero was not actually suspended when he filed their answer, so the answer should not have been stricken and default was not warranted. *See* Fed. R. Civ. P. 60(b)(6) (a final judgment may be set aside for any reason justifying relief). But the Ilanis, in support of their motion to strike, produced evidence that on the date the answer was filed, the defendants' attorney was suspended by the State Bar of Nevada. *See* ECF Nos. 26-1; 26-2; 26-3. In an attempt to counter this, Mr. Babero provides a declaration stating that "on information and belief" he was not suspended on April 25, 2017, when the answer was filed. ECF No. 34 at 17. The defendants also produce an article in *Nevada Lawyer* magazine from June 2017 listing suspended attorneys as of May 16, 2017, which omits Mr. Babero's name. *Id.* at 19–20. However, that list is inconsequential because it does not pertain to the time period at issue (April 25, 2017). Nor does Mr. Babero's "belief" counter the evidence produced by the Ilanis that he was, in fact, suspended.

The defendants have not shown that Mr. Babero was not engaging in the unauthorized practice of law when he filed their answer. *See* Nev. Rev. Stat. § 7.285(1)(b). "To justify relief under [Rule 60(b)](6), a party must show extraordinary circumstances suggesting that the party is faultless . . . ." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The defendants have not shown such extraordinary circumstances or faultlessness to justify relief under Rule 60(b)(6).

### 2. Excusable Neglect

Under Rule 60(b)(1), I may relieve a party from a judgment for excusable neglect. In determining whether excusable neglect exists, I consider "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Emp. Painters' Trust v. Ethan Enterps., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (internal quotations omitted).

### a. Prejudice to Plaintiffs

The standard with regard to prejudice is "whether [the plaintiffs'] ability to pursue [their] claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). To be considered prejudicial to the plaintiff, vacating a default must do more than simply delay resolution of the case. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698–99 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel Breiner*, 532 U.S. 141 (2001). In light of this pending motion, the parties' proposed discovery plan has been put on hold. *See* ECF No. 46. The plaintiffs do not argue that they will be prejudiced if I set aside the default, and I see no prejudice or hindrance to the plaintiffs in pursuing their claim if the default is vacated.

### b. Meritorious Defenses

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, a defendant seeking to vacate a default must allege sufficient facts that, if true, would constitute a meritorious defense. *TCI Grp. Life Ins. Plan*, 244 F.3d at 700. I need not determine whether those factual allegations are true at this stage. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).

The defendants claim that KDA paid the Ilanis $120,000 as consideration for the extension of the loan. They also contend the Ilanis rescinded the 10-day notice given on November 18, 2016, so their taking possession of the gems in January 2017 was a violation of the contract. The defendants also allege that they did not choose the appraiser who originally appraised the gems, that he was a qualified appraiser, and the Ilanis did not exercise their right to choose a different appraiser. Resolving doubts in favor of the defendants, there appear to be potentially meritorious defenses to the Ilanis' claims.

### c. Culpable Conduct

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697 (internal quotation and emphasis omitted). "Intentionally," in this context, means the defendant acted in bad faith to take "advantage of the opposing party, interfere with judicial decision-

making, or otherwise manipulate the legal process." *Id.* A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Mr. Babero claims that he did not receive notice of the motion to strike, the motion for default judgment, or the order granting default judgment because someone hacked into his email account. Given the timing of the various filings, this explanation is difficult to swallow. Nor does it explain why Mr. Babero apparently did not check the case docket for more than two months. However, one can infer that had Mr. Babero received notice of the motions, he would have opposed them or refiled the stricken pleading when he was again authorized to practice law. It does not appear that the failure to file an answer or response to the Ilanis' motions was devious or in bad faith.

Default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 696. Where there has been no merits decision, "finality interests should give way fairly readily, to further the competing interests in reaching the merits of a dispute." *Id.* I do not find it fair in this instance to punish the defendants for Mr. Babero's neglectful case management, especially given the amounts at stake. All three factors cited in *Employee Painters' Trust* weigh in favor of vacating the default. 480 F.3d at 1000.

However, I have wide discretion to condition the vacating of a default and default judgment upon the defendants' payment of the Ilanis' attorney's fees and costs. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988). Thus, I am conditioning the vacatur upon payment by Abraham and KDA of the Ilanis' reasonable attorney's fees and costs incurred in filing the motion to strike, obtaining the default judgment, opposing the motion to vacate the default judgment, and the motion for punitive damages (and reply in support of that motion).

**II.    CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion to vacate the default judgment **(ECF No. 34) is GRANTED.**

IT IS FURTHER ORDERED that the plaintiffs' motion for punitive damages **(ECF No. 41) is DENIED without prejudice as moot.**

IT IS FURTHER ORDERED that the clerk's entry of default **(ECF No. 22)** and my order granting partial default judgment **(ECF No. 33) are VACATED as to defendants Simon S. Abraham and KDA Holdings LLC only.** This relief is conditioned upon those two defendants reimbursing the Ilanis for their attorneys' fees and costs as described above. The parties must confer about the amount of those fees and costs within 14 days of the entry of this order. If they agree on the amount, they must file a stipulation. If no agreement is made, the Ilanis shall file a motion, with supporting affidavit and appropriate documentation, for their attorney's fees and costs incurred in connection with obtaining the default and default judgment, their motion to strike, opposing the motion to vacate the default judgment, and their motion for punitive damages and reply. That motion for fees shall be filed within 30 days of the entry of this order. The defendants will have 14 days thereafter to file any opposition to the requested amount. Once the appropriate fee has been determined, the defendants must pay that amount within 14 days or the default and default judgment will be reinstated.

IT IS FURTHER ORDERED that the defendants shall file an answer or other response to the complaint no later than 14 days after the entry of this order.

DATED this 13th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE