UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EZRA ILANI and CATHY ILANI,

Plaintiffs,

v.

SIMON S. ABRAHAM, et al.,

Defendants.

Case No. 2:17-cv-00692-APG-PAL

**ORDER GRANTING MOTIONS FOR PUNITIVE DAMAGES AND FOR ATTORNEYS' FEES**

(ECF Nos. 56, 57)

Plaintiffs Ezra and Cathy Ilani move for an award of punitive damages against defendants Simon S. Abraham and KDA Holdings, LLC. ECF No. 56. The Ilanis also move for an award of some of their attorneys' fees against Abraham and KDA. ECF No. 57. Abraham and KDA did not oppose either motion, which constitutes grounds for granting the motion for punitive damages. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except . . . a motion for attorney's fees, constitutes a consent to the granting of the motion."). More importantly, both motions are supported by good cause. Therefore, I grant them.

**A. Punitive Damages**

In determining whether to grant punitive damages, courts "consider numerous factors including the defendant's financial position, culpability, and the extent to which this culpability offends one's sense of justice, . . . the gravity of the injury suffered by the plaintiff and the means necessary to deter future similar conduct." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1053 (2000) (citations omitted). Although allegations of fact in a complaint are deemed admitted upon entry of default, an award of punitive damages must be based on more than those allegations.

> A plaintiff is never entitled to punitive damages as a matter of right; an award of punitive damages requires clear and convincing evidence of fraud, malice, or oppression. When punitive damages are sought by default judgment, the court must have independent

evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default.

*Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016) (quotation and citations omitted).

Here, the plaintiffs' motion and my prior orders detail the fraudulent acts committed by Abraham and KDA. I need not repeat them here. The plaintiffs offer declarations, documents, and other evidence to corroborate their allegations and support their request for punitive damages. The defendants' fraudulent activities were complex and well-orchestrated to hide their true nature from the plaintiffs. The defendants developed and took advantage of the plaintiffs' trust through mutual connections. The plaintiffs depleted their entire savings and other accounts and depleted their children's college funds. The evidence of the defendants' fraud, malice, and oppression is clear, convincing, and corroborated. Their actions offend my sense of justice, and I believe I am not alone in that thought. The plaintiffs have no evidence about the defendants' financial positions because the defendants have not participated in this case or discovery. The plaintiffs have suffered serious economic injury, and a large punitive damages award should help deter the defendants and others from engaging in such fraudulent activities in the future. I award punitive damages of three times the amount of compensatory damages I previously awarded.[1]

**B. Attorneys' Fees**

Previously, I set aside the original entry of default judgment against Abraham and KDA, conditioned in part upon their reimbursing the Ilanis the attorneys' fees they incurred in connection with entry of the default judgment. ECF NO. 47. After the defendants failed to satisfy the conditions I had imposed, I reinstated the default judgment and permitted the Ilanis to again seek their attorneys' fees. They now move for an award of their fees incurred in connection with the original default judgment and the reinstatement.

---

[1] *See* Nevada Revised Statutes § 42.005(1)(a) (allowing punitive damages of "[t]hree times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more . . . .").

2

"If state substantive law governs a case, then an award of attorney fees is also governed by state law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013). Under Nevada law, "attorney's fees are only available when authorized by a rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994) (quotation omitted).

The reasonableness of an attorneys' fee award is also determined by state law when a federal court is sitting in diversity. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (en banc) (quotation omitted). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *Id.* at 549 & n.98 (quotation omitted). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

In determining the reasonableness of a fee request, I am guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("[I]n determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the factors set forth in *Brunzell*." (quotation omitted)).

I also am guided by the factors set forth in Local Rule 54-14(b). *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998). That rule provides that the motion for fees must include the following:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13;
> (3) A brief summary of:
>    (A) The results obtained and the amount involved;
>    (B) The time and labor required;
>    (C) The novelty and difficulty of the questions involved;
>    (D) The skill requisite to perform the legal service properly;
>    (E) The preclusion of other employment by the attorney due to acceptance of the case;
>    (F) The customary fee;
>    (G) Whether the fee is fixed or contingent;
>    (H) The time limitations imposed by the client or the circumstances;
>    (I) The experience, reputation, and ability of the attorney(s);
>    (J) The undesirability of the case, if any;
>    (K) The nature and length of the professional relationship with the client;
>    (L) Awards in similar cases; and,
>    (M) Any other information the court may request.

LR 54-14(b).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). A motion for attorney's fees and related nontaxable costs must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must state the amount sought or provide a fair estimate. Fed. R. Civ. P. 54(d)(2)(B)(iii). The motion must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion and to confirm that the bill has been reviewed and edited and that the fees and costs charged are reasonable. LR 54-14(c). Failure to provide the required information "may be deemed a consent to the denial of the motion." LR 54-14(d).

I have reviewed the motion and supporting documentation (including the Declaration filed as ECF No. 58) in light of both the *Brunzell* factors and Local Rule 54-16. I find the rates charged and the amount of work performed to be reasonable. The request for fees is properly supported by evidence. The Ilanis would not have incurred these fees but for the defendants' request to have the default judgment set aside, and then failing to satisfy the conditions I imposed for doing so. I therefore grant the motion and award the Ilanis their attorneys' fees incurred in connection with the default and reinstatement.

**C. Conclusion**

IT IS THEREFORE ORDERED that plaintiffs Ezra and Cathy Ilanis' motions for punitive damages **(ECF No. 56)** and for attorneys' fees **(ECF No. 57) are GRANTED**. The clerk of court shall enter judgment in favor of plaintiffs Ezra and Cathy Ilani and against defendants Simon S. Abraham and KDA Holdings, LLC in the amounts of $7,500,000.00 for punitive damages and $19,071.50 for the Ilanis' attorney's fees.

DATED this 5th day of July, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE