UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| EZRA ILANI, et al., | Case No. 2:17-cv-00692-APG-PAL |
|---|---|
| Plaintiffs, | ORDER |
| v. | (Mots Debtor Exam – ECF Nos. 63, 64) |
| SIMON S. ABRAHAM, et al., | (App Charging Order – ECF No. 67) |
| Defendants. | |

Before the court is Plaintiffs' Application for Order Authorizing a Judgment Debtor's Examination of Simon S. Abraham Individually and in His Capacity as Person Most Knowledgeable for KDA Holdings, LLC (ECF No. 63), and Plaintiffs' Application for Order Authorizing a Judgment Debtor's Examination of Person Most Knowledgeable for KDA Holdings, LLC (ECF No. 64). Also before the court is plaintiff's Ex Parte Application for Charging Orders (ECF No 67). These applications are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3) and LR IB 1-7(k) of the Local Rules of Practice.

Rule 69 of the Federal Rules of Civil Procedure provides that a "money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). In aid of the judgment or execution, a judgment creditor may obtain discovery from any person, including the judgment debtor. Fed. R. Civ. P. 69(a)(2). In "proceedings supplementary to and in aid of judgment or execution," the procedure "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Nevada law provides that a judgment creditor is entitled to a court order "requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property." NRS 21.270(1). However, "[n]o judgment debtor may be required to appear outside the county in which the judgment debtor resides." NRS 21.270(1). The application does not demonstrate that Simon Abraham resides in Clark County, Nevada.

Second, the proposed order would require Mr. Simon to appear in his individual capacity and as the "person most knowledgeable" of judgment debtor KDA Holdings. The Federal Rules of Civil Procedure do not provide for a deposition of a "person most knowledgeable" although this term is used to refer to a Rule 30(b)(6) deposition of a corporate representative of KDA Holdings. A party seeking to take a Rule30(b)(6) deposition of a corporation or organization may not dictate who appears on behalf of the corporation.

The purpose of a deposition taken pursuant to Rule 30(b)(6) is to streamline the discovery process. *See Great American Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 536, 538 (D. Nev. 2008) (citing *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)). Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). The responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). However, the person designated need not have personal knowledge on the subjects on which examination is requested.

The rule "gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf." *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996). It is a discovery device employed by the examining party "to avoid the 'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the corporation." *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986); *see also Snapp v. United Transportation Union*, -- F.3d ---, 2018 WL 2168653, at *11 (9th Cir. May 11, 2018) (quoting 7 James Wm. Moore et al., *Moore's Federal Practice* § 30.25[3] (3d ed. 2016) ("[A] corporation generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative.")).

The testimony of a Rule 30(b)(6) designee "represents the knowledge of the corporation, not the individual deponents." *United States v. Taylor*, 166 F.R.D. at 361; *see also Hyde v. Stanley Tools*, 107 F. Supp. 2d 992 (E.D. La. 2000), *aff'd*, 31 Fed. App'x 151 (5th Cir. 2001) (per curium).

2

A Rule 30(b)(6) designee presents the corporation's position on noticed topics. *United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995). A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide "binding answers on behalf of the corporation." *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 627, 638 (D. Kan. 1999). While plaintiffs may request a Rule 30(b)(6) deposition, plaintiffs may not demand that a specific person appear as the corporation's designated witness.

Finally, plaintiffs' application for charging orders (ECF No 67) requests "a charging order against certain business entities in which Judgment Creditors are informed and believe one or more of the Judgment Debtors may hold an interest." The court will not grant a charging order based on "information and belief" that the judgment debtors may have an interest. Moreover, the application makes no attempt to inform the court if the provisions of NRS 78.746(2) apply

For these reasons,

**IT IS ORDERED:** Plaintiffs' Applications for Judgment Debtor Examinations (ECF Nos. 63, 64), and Application for Charging Orders (ECF No 67) are **DENIED** without prejudice.

DATED this 21st day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE