# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EZRA ILANI, et al., | Case No. 2:17-cv-00692-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| SIMON S. ABRAHAM, et al., | |
| Defendants. | |

Presently before the court is Plaintiffs' motion for an order to show cause. (ECF No. 133.) Defendant responded (ECF No. 134), and Plaintiffs replied (ECF No. 135). Plaintiffs ask this Court to issue an order to show cause why Defendant Simon Abraham should not be sanctioned for failure to comply with this Court's order at ECF No. 132. For the reasons discussed below, the Court grants Plaintiffs' motion.

**I.    Background**

In April 2018, Plaintiffs obtained a judgment for $2.5 million in compensatory damages against Defendants Simon S. Abraham and KDA Holdings, LLC (KDA). (ECF No. 55.) In May 2018, the Court granted Plaintiffs' request for a writ of execution. (ECF No. 60.) In July 2018, Plaintiffs obtained a judgment for $7.5 million in punitive damages and roughly $19,000 in attorneys' fees against Mr. Abraham and KDA. (ECF No. 66.)

In August 2018, the Court entered an order granting the judgment debtor examination of Simon S. Abraham (the "JDE Order"). (ECF No. 71.) The JDE Order directed Mr. Abraham to produce documents and required Mr. Abraham to sit for a deposition. (*Id.*) Mr. Abraham sat for a deposition on October 15, 2018 but did not produce any documents to Plaintiffs by the deadline. (ECF No. 87 at Ex. A; ECF No. 85 at 2-3; ECF No. 74.) Plaintiffs then filed a motion for an order to show cause. (ECF No. 73.)

Following Plaintiffs' motion to show cause, the court held a series of hearings and entered a series of minute orders directing Mr. Abraham to do certain things. (*See* ECF Nos. 80; 81; 82.) During this period, Defendants made at least two productions of documents in response to the JDE Order. (*See* ECF Nos. 81; 82.)

Still, Plaintiffs maintained that Defendants had not fully complied with the Court's orders. (*See* ECF No. 85 at 17.) Specifically, they argued that Mr. Abraham (1) "has been deliberately evasive and willfully non-compliant with respect to at least three orders from this Court;" (2) provided testimony at his deposition that was inconsistent with documents that he produced; (3) has not produced documents that appear to exist related to jewelry and gemstones; and (4) produced incomplete bank records. (*Id.*) Accordingly, Plaintiffs requested that Mr. Abraham be held in contempt for "willful failure to comply with this Court's order compelling production of documents in connection with an examination of a judgment debtor." (*Id.* at 1.) The Court denied this motion because Plaintiffs did not provide any legal authority in support of their motion. (ECF No. 112.)

**II.     The Motion Before the Court**

Following the Court's denial of Plaintiffs' motion, Plaintiffs moved for permission to take another JDE of Mr. Abraham. (ECF No. 133.) Plaintiffs also sought additional documents. (*Id.*) The Court granted Plaintiffs' motion for another JDE and ordered Mr. Abraham to sit for his JDE by July 12, 2020. (ECF No. 132.) The Court did not order Mr. Abraham to produce certain documents but instead left it to the parties to work out which documents would be produced. (*Id.*)

Plaintiffs now allege, and Mr. Abraham does not dispute, that Mr. Abraham has not produced any additional documents or sat for his JDE. (ECF No. 133 at 6; ECF No. 134 at 2, 3.) Accordingly, Plaintiffs now request that the Court issue an order to show cause why Mr. Abraham should not be sanctioned for failure to follow this Court's order. (ECF No. 133.) The Court will grant Plaintiffs' request for an order to show cause why Mr. Abraham should not be sanctioned for failure to sit for his JDE by July 12, 2020, as ordered by this Court.

The Court will also impose a set of deadlines for Plaintiffs to get the discovery they are entitled to. Defendants are to formally respond to Plaintiffs' list of requested documents (ECF

No. 133, Ex. B) by November 4, 2020. Mr. Abraham is to produce ***all*** documents he agrees are discoverable by November 18, 2020.[1] The parties are to meet and confer on any disputes over which documents are discoverable by November 24, 2020. To the extent the parties cannot resolve any disputes over which documents are to be produced, Plaintiffs are to file a motion to compel by December 7, 2020. Defendant's response is due by December 11, 2020, and Plaintiffs' reply is due by December 15, 2020. If a motion to compel is filed, a hearing will be set for December 21, 2020 at 10:00 a.m. Mr. Abraham is to sit for his JDE by January 8, 2021.

Plaintiffs must submit a status report by January 15, 2021 identifying if any of these dates have not been complied with (or if a motion to compel is filed in December, if the order on the motion to compel is not complied with).

Mr. Abraham must file a written response to this Court's order to show cause by January 22, 2021. If Plaintiffs allege in their status report that Mr. Abraham failed to comply with any of the deadlines set forth in this order or any order on a motion to compel, Mr. Abraham must address why he should not be sanctioned for these violations, too. Mr. Abraham is advised that he will comply with this Court's orders or there will be consequences. Plaintiffs have been attempting to obtain full and fair discovery related to Mr. Abraham's assets for over two years. It is past time for this issue to be resolved, and the Court will impose all appropriate sanctions if Mr. Abraham fails to comply with ***any*** part of this Court's order, including holding Mr. Abraham in contempt of court.

IT IS THEREFORE ORDERED that Plaintiff's motion for an order to show cause (ECF No. 133) is GRANTED.

IT IS FURTHER ORDERED that Defendants are to formally respond to Plaintiffs' list of requested documents (ECF No. 133, Ex. B) by November 4, 2020.

---

[1] To the extent Judge Leen already ordered that certain documents or categories of documents be produced, these documents shall be produced.

IT IS FURTHER ORDERED that Mr. Abraham is to produce ***all*** documents he agrees are discoverable by November 18, 2020, including all documents Judge Leen already ordered be produced.

IT IS FURTHER ORDERED that the parties are to meet and confer on any disputes over which documents are discoverable by November 24, 2020.

IT IS FURTHER ORDERED that, to the extent the parties cannot resolve any disputes over which documents are to be produced, Plaintiffs are to file a motion to compel by December 7, 2020. Defendant's response is due by December 11, 2020, and Plaintiffs' reply is due by December 15, 2020. If a motion to compel is filed, a hearing will be set for December 21, 2020 at 10:00 a.m.

IT IS FURTHER ORDERED that Mr. Abraham is to sit for his JDE by January 8, 2021.

IT IS FURTHER ORDERED that Plaintiffs must submit a status report by January 15, 2021 identifying if any of these dates have not been complied with (or if a motion to compel is filed in December, if the order on the motion to compel is not complied with).

IT IS FURTHER ORDERED that Mr. Abraham must file a written response to this Court's order to show cause why he should not be sanctioned for failure to follow this Court's orders by January 22, 2021.

DATED: October 28, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE