# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ezra Ilani, et al., | Case No. 2:17-cv-00692-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Simon S. Abraham, et al., | |
| Defendants. | |

Before the Court are two motions to seal. ECFs Nos. 154 and 158. Plaintiffs move to seal Exhibit 2 in ECF No. 154 and Exhibit 38 in ECF No. 158. Both exhibits were filed as attachments to status reports and contain similar information. *See* ECF Nos. 154, 158. These motions are unopposed, and Plaintiffs have satisfied the good cause requirement for sealing Exhibits 2 and 38. Accordingly, this Court grants Plaintiffs' motions.

## I. Legal Standard

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*

In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as

long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to nondispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard to evaluate whether to seal documents attached to a nondispositive motion that are unrelated or only tangentially related to the merits of the case. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Good cause requires a particularized showing that specific harm or prejudice will result if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not satisfy the good cause requirement under Rule 26(c). *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

## II. Plaintiffs' Motions to Seal (ECFs Nos. 154 and 158)

Here, Plaintiffs seek to seal Exhibits 2 and 38. The exhibits were attached to two nondispositive status reports and are unrelated to the merits of the case. Accordingly, the good cause standard applies to whether these documents should be sealed. *Kamakana*, 447 F.3d at 1180.

The two exhibits Plaintiffs seek to seal are lists of jewels and jewelry owned by Mr. Abraham. Plaintiffs argue that this information should be sealed because Mr. Abraham could be placed in danger if this information was publicly disclosed. Plaintiffs base their arguments on Mr. Abraham's representations that, because of the type of assets he owns, he "has been robbed three times, the last time with a gun." *See* Exhibit 14.

Good cause exists to seal these documents. Mr. Abraham's has represented multiple times throughout the course of this litigation that he has been robbed several times, including at gunpoint. The Court is persuaded that publicly disclosing his assets could expose him to further

1 | danger. There is also a diminished need for the public to access these documents because they are
2 | unrelated to the merits of the action. Accordingly, the Court will grant Plaintiffs' motions to seal.

IT IS THEREFORE ORDERED that Plaintiffs' motion to seal ECF No. 154 is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion to seal ECF No. 158 is GRANTED.

DATED: June 30, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE