# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ezra Ilani, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Simon S. Abraham, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:17-cv-00692-APG-BNW<br><br>**Report and Recommendation for a Finding of Civil Contempt against Defendant and Judgment Debtor Simon S. Abraham** |

　　　　This matter involves post-judgment discovery proceedings brought by Plaintiffs and judgment creditors Ezra and Cathy Ilani against Defendants and judgment debtors Simon S. Abraham and KDA Holdings, LLC.

　　　　On October 28, 2020, the undersigned granted Plaintiffs' motion for order to show cause and ordered that (1) Defendants formally respond to Plaintiffs' document request by November 18, 2020; (2) the parties meet and confer regarding any disputes over which documents are discoverable by November 24, 2020; (3) Plaintiffs file a motion to compel by December 7, 2020 if the parties could not resolve any disputes; (4) Mr. Abraham sit for a judgment debtor exam by January 8, 2021; (5) Plaintiffs submit a status report detailing Mr. Abraham's (non)compliance; and (6) Mr. Abraham file a written response to the Court's order to show cause by January 22, 2021. ECF No. 137 at 3–4. The undersigned also cautioned Mr. Abraham that the Court would impose all appropriate sanctions, including holding him in contempt, if he failed to comply with any part of its Order at ECF No. 137. *Id*. at 4.

　　　　On December 7, 2020, Plaintiffs filed a motion to compel, asserting that Mr. Abraham failed to substantially comply with the Court's Order (at ECF No. 137) regarding producing the required discovery. ECF No. 138. The undersigned held a hearing on February 18, 2021, where the Court granted Plaintiffs' motion to compel, ordered Defendant Abraham to produce the requested documents and sit for a judgment debtor exam, and ordered the parties to file status

reports. ECF No. 146. Once again, the undersigned cautioned Mr. Abraham that the Court would impose sanctions for any non-compliance. *Id*.

The Court has reviewed Mr. Abraham's response to its order to show cause as well as the parties' status reports. Because Mr. Abraham has failed to (fully) comply with the Court's February 18, 2021 Order, the undersigned must now make her final recommendation to the District Judge regarding whether Mr. Abraham should be held in contempt. For the reasons discussed below, it is recommended that the District Judge find, based on the facts certified in Section I below, that Defendant Simon S. Abraham is in contempt of the Court's February 18, 2021 Order requiring him to turn over certain discovery and appear for a judgment debtor exam in his individual capacity and as KDA Holdings' person most knowledgeable. *See* ECF No. 146.

## I. Certified Factual Findings

Plaintiffs commenced this suit on March 8, 2017, seeking damages relating to an unpaid $2 million loan. ECF No. 1. The District Judge granted in part Plaintiffs' application for default judgment against Defendants Abraham and KDA Holdings but vacated the order (subject to several conditions) after Defendants moved for reconsideration. ECF Nos. 33, 34, and 47. However, because Defendants failed to comply with the ordered conditions, the District Judge, on Plaintiffs' motion, reinstated his order granting partial default judgment and ordered Defendants to pay $2.5 million in compensatory damages.[1] ECF Nos. 52, 54. On July 5, 2018, after Plaintiffs successfully moved for punitive damages and attorney's fees, the District Judge ordered Defendants to pay an additional $7.5 million in punitive damages and $19,071.50 in attorney's fees. ECF Nos. 56, 57, and 65.

On August 27, 2018, former Magistrate Judge Leen issued an order ordering Defendants to produce documents[2] and appear for a judgment debtor exam ("JDE"). ECF Nos. 71, 72. Defendant Abraham was ordered to appear in his individual capacity (ECF No. 71), and he agreed to appear as Defendant KDA Holdings' person most knowledgeable. *See* ECF No. 72, ECF No.

---

[1] Defendants were held jointly and severally liable for the $2.5 million judgment. ECF No. 54.
[2] Notably, those documents that the Court ordered Defendants Abraham and KDA Holdings are the same documents that remain outstanding and inform this report and recommendation.

73 at 9. Defendants did neither, failing to produce responsive documents and failing to appear for the JDE.[3] Accordingly, Plaintiffs filed a motion for an order to show cause. ECF No. 73.

At the order to show cause hearing on December 4, 2018, Judge Leen issued another order ordering Defendant Abraham to deliver responsive documents, specifically with respect to tax forms, bank records, vehicle registrations, and safety deposit boxes. ECF No. 80. She also continued the hearing with regard to Plaintiffs' request for contempt and other sanctions to January 8, 2019. *Id*.

On January 8, 2019, defense counsel appeared before Judge Leen and asked to continue the hearing, noting that Defendant Abraham, who had been ordered to appear in person, was unable to attend due to transportation issues. ECF No. 81. Counsel also stated that Mr. Abraham had produced some of the responsive documents. *Id*. Judge Leen reminded defense counsel that he and Mr. Abraham must comply with the Court's order to produce responsive documents. *Id*. She also cautioned counsel that Mr. Abraham "can be arrested for his failure to appear and failure to comply with court orders." *Id*.

Plaintiffs subsequently moved for another JDE and production of documents (ECF No. 124), which the Court granted on June 11, 2020. ECF No. 132. For at least a third time, Mr. Abraham failed to produce responsive documents. ECF No. 133. Accordingly, on October 28, 2020, the undersigned ordered Defendants to "formally respond to Plaintiffs' list of requested documents (ECF No. 133, Ex. B)" and, if after a meet and confer, the parties could not agree regarding which documents are discoverable, Plaintiffs could file a motion to compel by a specified date. ECF No. 137. Plaintiffs timely filed a motion to compel. ECF No. 138.

On February 18, 2021, the undersigned held a hearing and granted Plaintiffs' motion to compel. ECF No. 146. She further ordered Defendant Abraham (1) to produce, no later than March 1, 2021, the documents enumerated in Exhibit 2[4] of Plaintiffs' Motion for Order to Show Cause[5] to Plaintiffs' counsel, and (2) to appear for a JDE no later than March 8, 2021. *Id*. The

---

[3] Although Judge Leen ordered Mr. Abraham to appear, in his individual capacity, for a JDE scheduled for September 27, 2018, he did eventually sit for one on October 15, 2018. ECF No. 133 at 3. However, he failed to provide Plaintiffs' counsel with any of the responsive documents prior to or at the JDE. *Id*.

[4] The Court referenced Exhibit B as Exhibit 2 in its minute order.

[5] Plaintiffs' Motion for Order to Show Cause is located at ECF No. 133.

undersigned also ordered the parties to file status reports regarding Defendant's (non)compliance. *Id*.

A few weeks later—on March 3, 2021—the undersigned granted the parties' stipulation to extend the abovementioned deadlines. ECF No. 148. Under the new deadlines, Mr. Abraham had until April 1, 2021 to produce the Exhibit 2 documents to Plaintiffs' counsel and, until April 8, 2021, to sit for the JDE. *Id*. at 2.

On March 11, 2021, Mr. Abraham's counsel e-mailed Plaintiffs' counsel noting that he would produce the requested documents once the parties entered into a stipulated protective order (ECF No. 153-14 at 2), which the Court granted on March 23, 2021. ECF No. 151.

On March 19, 2021, Mr. Abraham's counsel e-mailed Plaintiffs' counsel with some documents. ECF No. 153-15 at 2. But these documents[6] did not substantially comply with what the Court had ordered Mr. Abraham to produce. *See id*. Plaintiffs, thus, e-mailed defense counsel on March 30, 2021 with an itemized list of outstanding documents. ECF No. 153-16 at 2–3.

On April 1, 2021, the date that Mr. Abraham's court-ordered responsive documents were due to be produced to Plaintiffs' counsel, Mr. Abraham's counsel still had not submitted all the requisite documents. And, on April 6, 2021, defense counsel told Plaintiffs' counsel in an e-mail that financial documents would not be produced because they were destroyed by Mr. Abraham's accountant. ECF No. 153-21 at 2. In the same e-mail, defense counsel also asked to continue the JDE by another week. *Id*. Plaintiffs' counsel notified Mr. Abraham's counsel that he would not agree to any additional extensions. ECF No. 153-22 at 2.

In the early evening of April 7, 2021, defense counsel e-mailed Plaintiffs' counsel to state that he would appear for the JDE if scheduled for the afternoon of April 8. ECF No. 153-23 at 2. He also stated that he would "do everything in [his] power to have Mr. Simon appear." *Id*.

On the morning of April 8, 2021—the Court-ordered deadline for Mr. Abraham to attend the JDE—Mr. Abraham's counsel e-mailed Plaintiffs' counsel stating that Mr. Abraham would be

---

[6] These included previously produced bank records for Mr. Abraham and KDA Holdings for 2019–2021, an incomplete jewelry inventory, the vehicle registration for Mr. Abraham's 2019 Audi A8L3, and a letter written by defense counsel (that same day—on March 19, 2021) to Mr. Abraham's accountant. *See* ECF Nos. 153-12 at 2, 153-18 at 2–3, 153-19 at 2.

1  available for the JDE that afternoon. ECF No. 153-25 at 2; ECF NO. 153-26 at 2. Mr. Abraham
2  did not sit for the JDE because he had yet to produce the requested documents or provide
3  sufficient notice for scheduling the exam. And, although he requested an extension from
4  Plaintiffs' counsel, which was denied, he did not request an extension from the Court.

5        On April 22, 2021, Mr. Abraham produced some additional bank records to Plaintiffs'
6  counsel (ECF No. 156 at 4), but these documents were rendered useless because they were so
7  heavily redacted. *See, e.g.,* ECF No. 157-1 at 2, ECF No. 157-5 at 2.

8        Plaintiffs, thus, filed on April 26, 2021 an amended status report advising the Court of Mr.
9  Abraham's non-compliance and requesting that it hold Mr. Abraham accountable for his non-
10 compliance. ECF No. 157. And there have been no changes since the parties filed their status
11 reports. *See* ECF No. 161.

12 **II.   Legal Standard**

13       A district court has broad discretion to hold a litigant in civil contempt[7] for failure to
14 comply with a discovery order. *See Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821,
15 833 (1994); *see also* 18 U.S.C. § 401 (authorizing the federal courts to "punish by fine or
16 imprisonment, or both," a party's "[d]isobedience or resistance to [a] lawful ... order").

17       "A party commits contempt when he . . . (1) violates a definite and specific court order
18 requiring him . . . to perform a particular act (2) with knowledge of the court order." *S.E.C. v.*
19 *Peterson*, No. CV 11-1143 ODW JEMX, 2013 WL 1759865, at *2 (C.D. Cal. Mar. 18,
20 2013), *report and recommendation adopted*, No. CV 11-1143 ODW JEMX, 2013 WL 1760833
21 (C.D. Cal. Apr. 23, 2013) (citing *In re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361 (9th
22 Cir. 1987)). The contempt "need not be willful, and there is no good faith exception to the
23 requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust*
24 *Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

---

[7] There are two types of civil contempt sanctions: coercive and compensatory. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Coercive sanctions are "intended to coerce the contemnor to comply with the court's orders in the future." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Compensatory sanctions are intended "to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff*, 702 F.2d at 778.

1   To hold a party or non-party in civil contempt, "[t]he moving party has the burden of
2   showing by clear and convincing evidence that the contemnor violated a specific and definite
3   order of the court." *F.T.C. v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999). "The
4   burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id*.

5   However, under 28 U.S.C. § 636, "a magistrate judge is not authorized to issue a final
6   contempt order." *Michelson v. Found. Fin., Inc.,* No. 13MC1204-CAB, 2014 WL 7366793, at *1
7   (S.D. Cal. Dec. 23, 2014) (internal quotation marks and citation omitted). Rather, as the parties
8   have not consented to the magistrate judge presiding over all proceedings in this action, only the
9   District Judge has the authority to enter a finding of contempt. *See* 28 U.S.C. § 636(c) and (e)(4).
10  Under § 636(e)(6)(B)(iii), if "the act constitutes civil contempt," the magistrate judge
11  must certify the facts to a district judge who must "thereupon hear the evidence as to the act or
12  conduct complained of, and if it is such as to warrant punishment," the district judge may punish
13  the contemnor. 28 U.S.C. § 636(e)(6)(B)(iii).

**III.   Analysis**

Here, the Court's orders were clear and unambiguous. In granting Plaintiffs' motion to compel, the Court ordered Mr. Abraham to produce, no later than April 1, 2021, all responsive documents to Plaintiffs' counsel and to sit for a JDE by April 8, 2021. ECF No. 148. Timely and complete production of the responsive documents is necessary for the JDE. Furthermore, Mr. Abraham, who has been represented by counsel, has also known and understood what the post-judgment discovery orders required of him.

Moreover, the certified facts recounted above clearly and convincingly establish that Defendant Abraham, who has a history of noncompliance, engaged in multiple violations of definite orders of this Court by failing to make a **timely** and **complete** production of documents and failing to sit for a second JDE in either his individual capacity or as KDA Holdings' person most knowledgeable. *See* 28 U.S.C. § 1826(a);[8] *Baker v. Limber,* 647 F.2d 912, 919 (9th Cir.

---

[8] Under 28 U.S.C. § 1826(a),
Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States **refuses without just cause shown to** comply with an order of the court to testify or **provide other information, including any book, paper, document, record, recording or other material**, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his

1981) ("A judgment-debtor's refusal to answer questions in a Rule 69 proceeding normally would justify a court's exercise of its contempt power."); *Invesco High Yield Fund v. Jecklin*, 10 F.4th 900, 903 (9th Cir. 2021) (affirming civil contempt order and arrest warrant because "§ 1826(a) applies to a refusal to produce post-judgment discovery").

In their status reports, the parties agree that Mr. Abraham has made a production of responsive documents. This production, however, occurred only after Mr. Abraham repeatedly failed to make prior productions as ordered; was untimely; and, according to Plaintiffs' counsel and as is evident to this Court, did not substantially comply with the discovery requests and the Court's orders. *See, e.g.,* ECF Nos. 156, 161. Moreover, Mr. Abraham has failed to sit for a JDE as ordered.

Furthermore, Mr. Abraham's explanations are insufficient to establish that compliance is impossible. For example, although he claims that he is unable to provide certain financial documents because his accountant destroyed them, he has not explained why he has not pursued alternate methods for retrieving them. Additionally, he has not sufficiently explained why he cannot produce bank records for the requisite time period as they are in his possession, custody, or control. Nor has he justified the heavy redactions for the limited documents he has produced. *See, e.g.,* ECF No. 157-1, 157-2, 157-8. Finally, he has failed to explain why he could not appear for a remote judgment debtor exam despite having the ability to travel to New Jersey to visit his family or even why he waited until the morning of the deadline to sit for the JDE to confirm with Plaintiffs' counsel that he would be available that afternoon for the exam.

Accordingly, the undersigned will certify the facts in Section I to the District Judge to determine why Defendant Abraham should not be adjudged in contempt and fined or imprisoned until he provides a complete production of documents and cooperates in a judgment debtor exam in his individual capacity and as KDA Holdings' person most knowledgeable.

//

//

---

confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information.
(emphasis added).

### IV. Conclusion and Recommendation

Based on the certified findings of fact in Part I of this Report and Recommendation, **IT IS RECOMMENDED** that the District Judge

- find Defendant Simon S. Abraham in contempt for failing to comply with the Court's post-judgment discovery orders, and
- again order Defendant Abraham to immediately produce all the documents requested by Plaintiff and sit for a judgment debtor exam in his individual capacity and as Defendant KDA Holdings' person most knowledgeable.

### V. Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 25, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE